BENGEL *v.* BARNES.

---

R. E. BENGEL, SR., v. HARVEY L. BARNES AND MAOLA MILK & ICE CREAM COMPANY, INC.

(Filed 29 March, 1950.)

**Deeds § 16b—**

> Where the evidence discloses that business enterprises had invaded the subdivision in question with the acquiescence of those owning lots therein, and had so changed the character of the neighborhood as to make it impossible to accomplish the purpose intended by the restrictive covenants, nonsuit is properly entered in a suit to restrain defendants from violating covenants restricting the use of the property to residences.

APPEAL by plaintiff from *Parker, J.,* at the November Term, 1949, of CRAVEN.

The plaintiff, who owns lots in a certain subdivision in New Bern, North Carolina, sued for an injunction to restrain the defendants from erecting a proposed business structure upon other lots in the subdivision owned by them on the theory that such lots were subject to restrictive covenants limiting their use to residence purposes. The action was dis-

missed in the court below upon an involuntary judgment of nonsuit, and the plaintiff appealed, assigning such ruling as error.

*Charles L. Abernethy, Jr., for plaintiff, appellant.*
*R. E. Whitehurst and George B. Riddle, Jr., for defendants, appellants.*

PER CURIAM. For the purpose of this particular appeal, it is taken for granted without so deciding that the deeds to the predecessors in title of the parties to the action contain covenants limiting the use of the property described in them to residences, and that these restrictive covenants were placed in the deeds pursuant to a general plan to develop the entire subdivision as a restricted residential neighborhood. Notwithstanding this assumption, the compulsory nonsuit was proper. This is true because the testimony of plaintiff at the trial showed that business enterprises invaded the subdivision after its establishment with the acquiescence of those owning lots therein, and so changed the character of the neighborhood as to make it impossible to accomplish the purpose intended by the restrictive covenants. *Starkey v. Gardner,* 194 N.C. 74, 138 S.E. 408, 54 A.L.R. 806.

The involuntary judgment of nonsuit is
Affirmed.